# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4066 | **DATE** | 5/17/2012 |
| **CASE TITLE** | United States of America vs. Vernon Williams | | |

**DOCKET ENTRY TEXT**

Williams's Motion for relief pursuant to 28 U.S.C. § 2255 is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Vernon Williams filed this *pro se* Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Williams's motion is based on a claim of ineffective assistance of counsel before trial, at trial, and on appeal. For the reasons stated below, the Court dismiss Williams's Motion.

**I. Background**

On February 1, 2007, Williams and two co-defendants were charged in an indictment on three counts: (1) conspiracy to possess with intent to distribute a controlled substance, namely, in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; (2) attempted possession of a controlled substance, namely, in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; and (3) carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See United States of America v. Lewis et al.*, No. 07 CR 00007. (No. 07 CR 00007, Doc. 13).

On June 17, 2009, a jury found Williams guilty of Counts One and Three and acquitted him of Count Two of the indictment. *Id*. (No. 07 CR 00007, Doc. 336). On November 16, 2009, this Court sentenced Williams to 120 months imprisonment on Count One and 60 months imprisonment on Count Three, to run consecutively to Count One. *Id.* (No. 07 CR 00007, Doc. 367). Williams filed a timely Notice of Appeal on December 5, 2009. *Id.* (No. 07 CR 00007, Doc. 373). On April 6, 2011, the Seventh Circuit denied Williams's appeal and affirmed the judgment and sentence of this Court. *See United States v. Lewis*, 641 F.3d 773 (7th Cir. 2011).

**STATEMENT**

On June 13, 2011, Williams filed the instant Motion to vacate his conviction and correct his sentence. He alleges that his attorney was ineffective for failing to move to dismiss Count Three before trial, at trial, or on appeal. (No. 11 C 4066, Doc. 1). Williams also alleges that Count Three should be dismissed because of his actual innocence. (*Id.*)

**II. The Legal Standard**

Under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The relief sought in a § 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief should be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citations omitted). Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See Rule 4(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

Pursuant to 28 U.S.C. § 2241, a prisoner claiming that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States" may petition the court for a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(3). A prisoner's right to bring a § 2241 petition to attack a conviction or sentence is limited. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). In general, § 2255 is the "exclusive means for a federal prisoner to attack his conviction" and a prisoner may only "proceed under § 2241 . . . in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" *Id*. (quoting 28 U.S.C. § 2255(e)).

**III. Discussion**

Williams argues that he did not commit a drug trafficking crime, and that therefore his attorney was ineffective by not asking the Court to dismiss Count Three of the indictment, which alleged that Williams committed a felony by possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Williams argues that he should never have been found guilty of Count Three of the indictment because he did not commit a drug trafficking crime, but merely participated in a conspiracy to possess drugs. He alleges that because his attorney never moved to dismiss Count Three, he acted ineffectively and without competence. He further argues that he is actually innocent of the § 924(c) crime for which he was convicted .

To prevail on a claim of ineffective assistance of counsel, Williams must establish that he was prejudiced as a result of his counsel's alleged deficiencies under the two-prong test set forth in

**STATEMENT**

*Strickland v Washington*, 466 U.S. 668 (1984). *See McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 694). The burden of proof on a defendant asserting an ineffective assistance of counsel claim is a heavy one. *See Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Under *Strickland*, the moving party must prove: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds either the performance prong or the prejudice prong of the *Strickland* test to be lacking, then there is no need to consider the other prong and the petition fails as a matter of law. *See United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

Williams fails to prove that his attorney's performance fell below the objective standard of reasonableness. Williams alleges that because he never actually possessed or distributed drugs, and was merely convicted of conspiracy to possess drugs, he did not commit any drug trafficking crime. He is mistaken both in law and in fact. As defined by 18 U.S.C. § 924(c)(2), a "drug trafficking crime" means any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Conspiracy to possess with intent to distribute is a felony under the Controlled Substances Act, 21 U.S.C. § 846, and therefore is a "drug trafficking crime." Thus, Williams was properly convicted of carrying or possessing a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c). Williams's attorney did not object to, or move to dismiss, Count Three of the indictment against Williams because a motion to dismiss would have been denied. Similarly, Williams's attorney did not challenge Williams's conviction on Count Three, and his decision not to appeal on that basis was reasonable. Thus, Williams's attorney acted reasonably under the circumstances. *See Strickland*, 466 U.S. at 686. Because Williams was convicted on Count Three for carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and because conspiracy with intent to distribute is a drug trafficking crime, Williams's claim of actual innocent must be rejected. As Williams fails to prove the first prong of the *Strickland* test, that his attorney's performance fell below an objective standard of reasonableness, and because he cannot show that he is actually innocent of Count Three of the indictment, his Motion must be denied. *See Ebbole*, 8 F.3d at 533.

**IV. Conclusion**

Williams's Motion for relief pursuant to 28 U.S.C. § 2255 is denied.