Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4066 | **DATE** | 5/8/2013 |
| **CASE TITLE** | United States of America vs. Williams | | |

**DOCKET ENTRY TEXT**

Accordingly, Williams's Motion for an extension of time to file his Notice of Appeal [10] is denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

On June 13, 2011, Petitioner Vernon Williams filed a Motion to vacate his conviction and correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and actual innocence. (Dkt. No. 1.) This Court denied Williams's Motion on May 17, 2012. (Dkt. No. 17.) Nine months later, on February 11, 2013, Williams filed the instant motion for an extension of time to file his Notice of Appeal. Williams maintains that he never received the Court's May 17, 2012 decision and that he learned the Court had denied his Motion only after performing his own independent investigation, which was prompted when Williams learned that his co-defendant's section 2255 motion had been denied. For the reasons stated herein, Williams's Motion is denied.

The Federal Rules of Appellate Procedure contain two avenues for addressing an untimely-filed notice of appeal. First, Rule 4(a)(5) permits an appellant to file a motion for extension of time to file a notice of appeal. Fed.R.App.P. 4(a)(5). However such a motion must be filed no later than thirty days after the initial sixty-day period has expired *and* requires the movant to show excusable neglect or good cause for his failure to file a timely Notice of Appeal. *See id.* In this case, the Court entered judgment against Williams on May 17, 2012. Therefore the sixty-day period to file a notice of appeal expired July 16, 2012, and any motion to extend time pursuant to Rule 4(a)(5) would have to have been filed by August 15, 2012. No such motion was filed within that time period. Accordingly, Williams cannot receive an extension pursuant to Rule 4(a)(5).

A district court may also reopen the time to file a notice of appeal under Rule 4(a)(6) for a period of fourteen days if three conditions are met: (1) the court must find that the moving party did not receive notice of the judgment or order being appealed within twenty-one days of its entry; (2) the motion must be filed within 180 days after the entry of the judgment or order or within fourteen days of when the movant receives notice, whichever is earlier; and (3) the court finds that no party will be prejudiced. Fed.R.App.P. 4(a)(6)(A)-

| STATEMENT |
|---|

©.  Here, Williams cannot satisfy the second condition.  The 180-day deadline for filing a motion to reopen the time to file a notice of appeal was November 13, 2012.  Williams filed the instant motion three months after that deadline.  Because Williams's request to reopen the time to file an appeal is untimely, this Court is without the authority to reopen the time for appeal. *See e.g., Tinsley v. City of Indianapolis*, 92 F.3d 1187, at *2 (7th Cir. 1996) (unpublished); *see, e.g., Vaughn v. United States*, No. 3:11-cv-239, 2013 WL 501742, at *2 (N.D. Ind. Feb. 7, 2013); *Julian v. United States*, No. 2:07-cv-43, 2009 WL 4675783, at *1–2 (N.D. Ind. Dec. 8, 2009); *Alexander v. Hulick*, No. 05-cv-708-JPG, 2009 WL 1651381, at *2–3 (S.D. Ill. June 11, 2009).

Accordingly, Williams's Motion for an extension of time to file his Notice of Appeal is denied.